# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

TERRY WAYNE IMBEAU                                                                                      PLAINTIFF

V.                                       NO: 4:09CV00686 DPM/HDY

MIKE SMITH *et al.*                                                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of

>   proof, and a copy, or the original, of any documentary or
>   other non-testimonial evidence desired to be introduced at
>   the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff filed this complaint, pursuant to 42 U.S.C. § 1983, and the Arkansas Civil Rights Act, on August 21, 2009, alleging that Defendants violated his right to be free from cruel and unusual punishment when he was attacked by a group of inmates at the Conway County Jail, and that he was denied adequate medical care for injuries he sustained in the attack. Defendants are Conway County Sheriff Mike Smith, Conway County Judge Jimmy Hart, Conway County Jail Administrator Phil Blaylock, and Conway County Quorum Court Members Terry Alvey, Louis Gottsponer, Cody Hill, Billy F. Deaver, Michael Hammons, Phillip Hoyt, Gary Sams, John Trafford, Thomas Flowers, Lawrence Williams, and Lyle Williams. Smith and Blaylock are being sued in their individual and official capacities, and the remainder of the Defendants are being sued in their official capacities only.

On January 11, 2011, Defendants filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #13-#15). Plaintiff filed a response and a statement of facts on January 31, 2011 (docket entries #18 & #19).

## I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff, he was arrested and held at the Conway County Jail on August 22, 2006, on charges of sexual assault. The alleged victim was a minor. He was released for a short time and then detained again at the Conway County Jail on September 8, 2006. On September 11, 2006, Plaintiff contends, he was attacked and beaten by a group of inmates. Plaintiff asserts that the inmates were told of his charges by guards who encouraged them to "lay siege" to Plaintiff, and worked them to a "fever pitch." Plaintiff also claims that once the attack began, instead of intervening, the guards encouraged the attackers to continue. Plaintiff alleges that he was denied adequate medical treatment and suffered permanent injury as a result of the beating, including the

disfigurement and loss of use of his hand, as well as emotional problems.

Plaintiff appears to be advancing claims that Defendants failed to protect him, and that he was denied adequate medical care. Plaintiff was a pre-trial detainee at the time of the incident at issue in this complaint. A pre-trial detainee's constitutional claims arise under the Fourteenth Amendment, but courts apply the Eighth Amendment deliberate indifference standard to medical care and conditions claims. *See Ervin v. Busby*, 992 F.2d 147, 150 (8th Cir. 1993) (per curiam) (punishment of pre-trial detainee prior to adjudication of guilt constitutes due process violation, but deliberate indifference standard applied to pre-trial detainee's inadequate medical care claim); *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003)(deliberate indifference standard applied to pre-trial detainee conditions claims).

In *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), the Court held that, in order for a prisoner to recover against prison officials for failing to protect him, he must prove that: (1) "he [was] incarcerated under conditions posing a substantial risk of serious harm"; and (2) the prison official was deliberately indifferent to that substantial risk of serious harm. In defining deliberate indifference, the Court, in *Farmer,* explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; *the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference*.

*Id.* at 837 (emphasis added). Additionally, the Eighth Circuit has explained that this rigorous standard of proof is appropriate because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Jensen v. Clarke*, 73 F.3d 808, 810 (8th Cir. 1996) (*citing Wilson v. Seiter,* 501 U.S. 294, 297 (1991)).

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239. Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Defendants contend that Plaintiff's official capacity claims are essentially claims against the county, and that Plaintiff can present no proof of any unconstitutional policy, any underlying constitutional violation, or that any policy was the moving force behind a violation. Defendants also contend that Plaintiff can offer no proof of personal involvement with respect to Smith and Blaylock in their individual capacities, and his claims against them in their individual capacities should therefore be dismissed.[1]

Official capacity claims

It is true that Plaintiff's claims against Defendants in their official capacities are in essence claims against the county itself. *Liebe v. Norton* 157 F.3d 574, 578 (8th Cir. 1998). A local

---

[1]Defendants' motion address only Plaintiff Section 1983 claims.

government may not be sued under section 1983 on a *respondeat superior* theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). In order to establish municipal liability, Plaintiff must prove a policy, practice, or custom, attributable to the municipality, and show that the policy, practice, or custom, directly caused a constitutional injury. *See Gatlin ex rel. Estate of Gatlin v. Green*, 362 F.3d 1089, 1094 (8th Cir. 2004). Plaintiff has not contradicted Defendants' factual statement that county policy and procedure allows, and staff members encourage, each inmate to inform the staff verbally or in writing if they believe their safety is at risk. Additionally, it is undisputed that county policy directs jailers to not share with inmates the nature of charges filed against fellow inmates. Given the existence of such policies and procedure, and the lack of evidence to contradict Defendants' statement, Plaintiff cannot establish the county's policy caused his injury. Likewise, there is no dispute that Plaintiff received medical care, and he testified specifically that he did not blame the Defendants for the hospital care (docket entry #15, exhibit #1B, page #36). Thus, there is no evidence of any unconstitutional policy with respect to medical care. Accordingly, Plaintiff cannot prevail on any official capacity claims.

<u>Individual capacity claims against Smith and Blaylock</u>

There is no dispute that Plaintiff was involved in an altercation at the Conway County Jail, and that he was transported to the emergency room thereafter. There is no allegation that either Smith or Blaylock personally participated in the encouragement of the alleged beating Plaintiff sustained, or in the failure to intervene in a timely manner. However, Plaintiff's allegations go beyond the incident itself and include claims that Smith and Blaylock failed to train and supervise the officers who allegedly failed to protect him, delayed medical care, and denied medical care that was prescribed. "[A] supervisor may be held individually liable under § 1983 if he directly

participates in a constitutional violation or if a failure to properly supervise and train the offending employee caused a deprivation of constitutional rights." *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir.1996) (citing *Tilson v. Forrest City Police Dep't*, 28 F.3d 802, 806 (8th Cir.1994), cert. denied, 514 U.S. 1004 (1995)).

The facts introduced by Defendants (docket entry #15, page #3), indicate that Conway County Jail policy and procedure prohibits any staff member from telling any inmate about any other inmate's charges. Although Plaintiff alleges that Smith and Blaylock failed to train their employees regarding the policy, he has failed to introduce any evidence to support his allegations. According to Plaintiff's deposition testimony, an unnamed inmate told Plaintiff that an unnamed guard told him about Plaintiff's charges. There is no evidence, such as deposition testimony from the guard in question, or any other jail employee, to support Plaintiff's claim that the guard was improperly trained or supervised. Indeed, Plaintiff has not even provided a name for the guard who allegedly conveyed the information. In the face of the factual statement regarding jail policy on relaying charge information to inmates, Plaintiff's allegation regarding Smith's and Blaylock's failure to train jail staff members is nothing more than speculation.

Likewise, Plaintiff's deposition testimony indicates that he was taken to the hospital for medical treatment after the assault. Although he claims he received inadequate care at the hospital, he made no allegation that any Defendant was involved in the actual treatment of his injuries. In fact, as previously discussed, Plaintiff specifically said he did not blame the Defendants for the hospital care. Although Plaintiff alleged in his response to Defendants's motion that he was denied pain relievers and ice that were recommended at the hospital, his deposition testimony demonstrates that he actually did receive pain relievers, and ice for his hand, though not an ice pack (docket entry

#15, exhibit 1B, pages #38-#39). Plaintiff's deposition testimony provides no evidence to support his claims that medical care was denied, and certainly offers no factual basis to support a claim that a failure to train or supervise jail guards led them to be deliberately indifferent to his medical needs. Accordingly, Defendants' motion for summary judgment should be granted.

Because Plaintiff's federal claims should be dismissed, the Court should decline to exercise supplemental jurisdiction over his state law claims. *See Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006) (Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #13) be GRANTED, and Plaintiff's complaint be DISMISSED.

2. Plaintiff's complaint be DISMISSED WITH PREJUDICE with respect to his Section 1983 claims.

3. Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE with respect to his state law claims.

4. All pending motions be DENIED AS MOOT.

DATED this  9  day of March, 2011.

UNITED STATES MAGISTRATE JUDGE